**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA KOSCIELNEY,

    Plaintiff,

vs.                                                                                          CASE NO. 3:12-cv-296-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]
_____

### ORDER AND OPINION

    This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for disability benefits. Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated August 2, 2012 (Doc. 13). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision denying Plaintiff's claim for disability insurance benefits ("DIB") is **AFFIRMED.** To the extent Plaintiff seeks review of the denial of Plaintiff's application for supplemental security income ("SSI"), the claim is **DISMISSED** for lack of subject matter jurisdiction.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Statement of Undisputed Facts**

On September 9, 2008, Plaintiff filed applications for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI, alleging disability beginning July 15, 1991 (Tr. 98-99, 106). Plaintiff's application for SSI was denied on November 5, 2008 on the basis that her income exceeded the amount permitted under Title XVI (Tr. 106; Doc. 21, Declaration of Patricia Jean MacInnis, at ¶ 5). There is no evidence in the record that Plaintiff sought reconsideration of the denial of her SSI application.[2] Plaintiff's application for DIB benefits was denied initially on February 4, 2009 (Tr. 35, 37-40) and upon reconsideration on June 2, 2009 (Tr. 36, 41-43).

On June 18, 2009, Plaintiff requested an administrative hearing (Tr. 45). On the portion of the request form directing the party to "[c]heck all claim types that apply," Plaintiff's counsel marked only the box for Title II disability claim. *Id.* An administrative hearing was held on May 20, 2010 (Tr. 19-34). The administrative law judge ("ALJ") issued a decision denying Plaintiff's application for DIB benefits on October 5, 2010 (Tr. 10-13). In the decision, the ALJ noted he was "limited, in this Title II claim, to examining the period between the alleged onset date [of July 15, 1991] and the claimant's date last insured [of June 30, 1997]." *Id.* The ALJ found the record contained no medical evidence of any impairment prior to the claimant's date last insured of June 30, 1997 (Tr. 13). The earliest medical record submitted by the claimant in support of her application for benefits was

---

[2] Defendant submitted the declaration of Patricia Jean MacInnis, Social Insurance Specialist of the Supplemental Security Income Program Team, Atlanta Regional Office, Social Security Administration (Doc. 21). Ms. MacInnis represents Plaintiff did not request reconsideration of the November 5, 2008 denial of SSI benefits, and a review of Plaintiff's records show no appeals of the initial denial. *Id.* at ¶ 6-7.

dated January 31, 2007, and the ALJ found such could not be utilized as evidence of disability during the period in question. *Id.* Accordingly, the ALJ denied Plaintiff's application for DIB benefits. *Id.*

On October 19, 2010, Plaintiff submitted a request for review of the ALJ's decision (Tr. 5-6). The Appeals Council denied the request on February 2, 2012 (Tr. 1-3). The Appeals Council stated it "considered the fact that since the date of the Administrative Law Judge's decision, [Plaintiff was] found to be under a disability beginning November 12, 2010, based on the application(s) [Plaintiff] filed on November 12, 2010" (Tr. 1). However, the Appeals Council found that information did not warrant a change in the ALJ's decision. *Id.* Plaintiff filed the instant action on March 16, 2012 (Doc. 1).

## II. Arguments

On appeal, Plaintiff argues the ALJ "erred by not considering an amended onset date and the Title XVI (SSI) application" (Doc. 16 at 3). Plaintiff concedes there is insufficient evidence to establish Title II (DIB) benefits from July 15, 1991 and that Plaintiff was not disabled on the date she was last insured (Doc. 16 at 2-3). Plaintiff alleges "this should only be a Title XVI or SSI application" (Doc. 16 at 2). Plaintiff argues she indicated at the start of the administrative hearing that she was withdrawing her Title II (DIB) claim and converting it to a Title XVI (SSI) only claim. Plaintiff argues there is substantial evidence in the record to establish disability after September 9, 2008, the date of Plaintiff's SSI application. Plaintiff requests the Court reverse the ALJ's decision and remand for further administrative proceedings to adjudicate only the SSI application or, alternatively, grant benefits from the date of Plaintiff's SSI application.

In response, Defendant argues this Court lacks subject matter jurisdiction to review Plaintiff's claim for SSI because Plaintiff failed to exhaust her administrative remedies with respect to that claim. Defendant argues the Social Security Administration's ("SSA") records show Plaintiff never appealed her November 5, 2008 initial denial of SSI benefits. Thus, Defendant argues this Court lacks jurisdiction because Plaintiff failed to pursue her SSI claim through all steps of the administrative review process. Accordingly, Defendant requests the Court dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### III. Standard of Review

When challenging subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as here, a party may make either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations omitted). Factual attacks challenge the very existence of subject-matter jurisdiction, irrespective of the pleadings. *Id.* Here, the Commissioner argues the Court is without authority to consider the complaint. With this factual attack to the Court's subject matter jurisdiction, materials outside the pleadings, such as testimony and affidavits, may be considered. *See id.* (citations omitted). If the Court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

**IV. Analysis**

In this case, Plaintiff invokes the Court's jurisdiction pursuant to 42 U.S.C. § 405(g) "to review a decision of the Commissioner of Social Security denying [her] application for Social Security Disability for lack of disability" (Doc. 1 at 1).  Plaintiff states this action "is an appeal from a final administrative decision denying [her] claim."  *Id.*

The authority for judicial review of a decision of the Commissioner of Social Security is set forth in 42 U.S.C. § 405(g).  Section 405(g) limits a federal district court's review of claims for disability insurance benefits arising under Title II of the Social Security Act.  A district court does not have subject matter jurisdiction over an appeal of the Commissioner's decision unless the party seeking review has exhausted his or her administrative remedies as set forth in the Social Security Act.  Section 405(h) states in relevant part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  A civil action may be brought only after: (1) the claimant has been party to a hearing held by the Commissioner of Social Security; and (2) the Commissioner has made a final decision on the claim.  *See* 42 U.S.C. § 405(g).  A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988).  For a decision to be final, these four steps must be followed.  *See id.*

Upon review of the record, it is clear Plaintiff failed to exhaust administrative remedies with respect to her SSI claim.  Plaintiff does not dispute that her application for SSI was denied on November 5, 2008 on the basis that her income exceeded the amount permitted under Title XVI (Tr. 106).  There is no evidence in the record that Plaintiff sought reconsideration of the denial of her SSI application.  Defendant submitted the declaration of Patricia Jean MacInnis, which states Plaintiff did not request reconsideration of the November 5, 2008 denial of SSI benefits, and a review of Plaintiff's records show no appeals of the initial denial (Doc. 21 at ¶ 6-7).

To the extent Plaintiff is attempting to argue the ALJ erred in failing to reopen her previously denied SSI application, this argument fails.  The Eleventh Circuit recently explained:

> The denial of a request to reopen a final and binding determination . . . is not an initial determination and is not subject to the administrative review process.  Therefore, a denial of a request to reopen is not a 'final decision . . . made after a hearing' under § 405(g).  As such, federal courts lack subject matter jurisdiction to review a denial of a request to reopen except where: (1) the claimant raises a colorable constitutional claim, or (2) the Commissioner *de facto* reopens and reconsiders the merits of the prior administrative determination or decision. . . . A final decision by the Secretary will be deemed reopened if it is reconsidered on the merits to any extent and at any administrative level.

*Bello v. Comm'r of Soc. Sec.*, 460 Fed. Appx. 837, 840 (11th Cir. 2012) (internal citations and quotations omitted).[3]

The Court has taken a very liberal reading of Plaintiff's memorandum in reaching its analysis on this issue.  Plaintiff neither raised a colorable constitutional claim nor specifically argued there was a *de facto* reopening of the September 9, 2008 SSI

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

application. In her memorandum, Plaintiff alleges only that "[a]t the beginning of the hearing, the Plaintiff abandoned her Title II application and pursued only the SSI or Title XVI benefit and amended her onset to December 5, 2007, the dates of her knee surgery" (Doc. 16 at 3). Thus, Plaintiff's argument as framed actually presupposes there was a current application for SSI benefits pending before the ALJ. There was not, because Plaintiff's SSI application was denied initially and Plaintiff never sought reconsideration or requested an administrative hearing on her SSI application. In any event, the Court finds the ALJ did not *de facto* reopen Plaintiff's SSI application for consideration on the merits.

The transcript of the hearing reflects the ALJ inquired as to Plaintiff's counsel's theory of the case and the period for which she was seeking benefits (Tr. 22-23). The following exchange occurred:

> ALJ: Now this is a Title II claim, the first one. (Inaudible). Have you filed subsequently a Title XVI?
>
> Atty: Yes. We filed subsequently a Title XVI.
>
> ALJ: Title XVI.
>
> Atty: Yes.
>
> ALJ: Sir, are you abandoning the [DIB]?
>
> Atty: Yeah. This is strictly a XVI.
>
> ALJ: Strictly a Title XVI?
>
> Atty: Yes, sir.
>
> ALJ: Okay. All right. And there's some – what is your alleged on-set now (inaudible)?
>
> Atty: December 5th, 2007.

7

>  ALJ: Very good. Thank you, sir. And (inaudible) point to support the position as (inaudible) less than sedentary?

(Tr. 23).

The Court does not find this short exchange to constitute either an explicit or implicit affirmation by the ALJ that he was "reopening" Plaintiff's September 9, 2008 SSI application for consideration on the merits.[4] The ALJ ultimately issued a decision in which he denied Plaintiff's September 9, 2008 Title II DIB application. The ALJ noted he was "limited, *in this Title II claim*, to examining the period between the alleged onset date [of July 15, 1991] and the claimant's date last insured [of June 30, 1997]" (Tr. 13) (emphasis added). Because the record contained no medical evidence of any impairment prior to the claimant's date last insured, the ALJ concluded Plaintiff was not disabled "[b]ased on the application for a period of disability and disability insurance benefits filed on September 9, 2008." *Id.* The ALJ's decision makes no mention of Plaintiff's September 9, 2008 SSI application. It is clear from the ALJ's decision that he only considered the merits of Plaintiff's DIB application. Moreover, Plaintiff's application for SSI was not denied on the basis of the medical evidence of record but because Plaintiff's income made her ineligible for SSI benefits. Thus, the mere fact that the ALJ considered the medical records from 2007 and beyond at the hearing and in his decision does not indicate that the ALJ reopened and reconsidered Plaintiff's SSI application, which was denied on the basis of ineligibility due to income.

---

[4] Indeed, based on counsel's reference to a *subsequently* filed Title XVI application, it is not even clear that counsel was referring to the September 9, 2008 SSI application in the above exchange with the ALJ.

8

Thus, the Court concludes Plaintiff failed to exhaust her administrative remedies with respect to her SSI claim. Therefore, this Court lacks jurisdiction over her claim for SSI. Plaintiff has conceded there is insufficient evidence to establish Title II DIB benefits from July 15, 1991 and she does not contest the ALJ's decision on her DIB claim. This Court cannot convert Plaintiff's application for DIB benefits into one for SSI benefits. Therefore, the decision of the ALJ as to Plaintiff's application for DIB benefits is due to be affirmed.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the ALJ that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The Commissioner's decision denying Plaintiff's claim for DIB benefits is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). To the extent Plaintiff seeks review of the denial of Plaintiff's application for SSI, the claim is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of September, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record